21-CV-2572

~~347-479-2970~~

GUJARATI, J.
BLOOM, M.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

ROBERT E. POLES, PLAINTIFF

        V.

DEFENDANTS :

NEW YORK CITY

NEW YORK CITY POLICE DEPARTMENT (NYPD)

NYPD SGT. BRATWAITHE

NYPD OFFICER ONE

NYPD OFFICER TWO

NYPD OFFICER THREE

BROOKLYN COMMUNITY HOUSING AND SERVICES (BCHS)

JEFF NEMETSKY (BCHS)

AURORA EVANS (BCHS)

JOHN TURNER (BCHS)

                        4 MAY 2021

                    **COMPLAINT**





RECEIVED
MAY 04 2021
PRO SE OFFICE

**JURISDICTION**

Pursuant to 28 U.S.C. 1331 <u>Federal Jurisdiction</u>, Plaintiff Poles maintains correct original jurisdiction of this Court as the matters of this Complaint arise under the Constitution and laws of the United States.

Pursuant to  28 U.S.C. 1343  <u>Civil Rights and Elective Franchise</u>  Plaintiff Poles maintains correct original jurisdiction of this Court in the matters  of this Complaint:

- to recover damages for injury to his person because of deprivation of rights and privileges of Plaintiff Poles as a citizen of the United States.

- to recover damages for actions done in furtherance of a conspiracy denoted within 42 U.S.C. 1985

- to recover damages for (having knowledge and the power to prevent the pending occurrence), failures to prevent or aid in the prevention of wrongs denoted within  42 U.S.C. 1985;

- to recover damages and to secure equitable or other relief  under any Act of that the NYPD personnel obey the laws of the United States providing for the protection of civil rights

1

- to  redress the deprivation of rights, privileges and immunities (done under color of State law, statute, regulation, custom or usage)  secured by the Constitution of the  United States providing for equal rights of citizens (42 U.S.C. 1983)

Pursuant to U.S.C. 1367 Supplemental Jurisdiction  Plaintiff Poles maintains correct supplemental jurisdiction of this Court in the matters of this Complaint.

**VENUE**

Pursuant to 28 U.S.C. 1391 Venue generally at  (b)(2) Plaintiff Poles maintains correct venue within this Court as its jurisdiction encompasses those locations where   substantial parts of the events and omissions giving rise to the claims occurred.

**PARTIES**

**DEFENDANT CITY OF NEW YORK ("NYC")**

Defendant City of New York ("NYC") is a municipal corporation organized under the law of the State of New York.  At all times relevant hereto, Defendant NYC acting through the New York City Police Department ("NYPD") was

 responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all

2

NYPD personnel. At all times here relevant, Defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD obey the laws of the United States and the State of New York.

**DEFENDANT SGT. BRATWAITHE (NYPD)**

Sgt Bratwaithe was, at all times here relevant, was a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York, under the command of the 88th Precinct of the NYPD.

**DEFENDANTS: OFFICER ONE, OFFICER TWO AND OFFICER THREE (NYPD)**

The names of the three other NYPD personnel (as Defendants here) are unknown to the Plaintiff. Those three police officers were at all times relevant here; employees, servants, and agents of the NYPD and of the City of New York.

**DEFENDANT BROOKLYN COMMUNITY HOUSING AND SERVICES;**

("BCHS") located at the address of 105 Carlton Avenue, Brooklyn, NY 11205; telephone: 718-625-4545.

**DEFENDANT JEFF NEMETSKY, EXECUTIVE DIRECTOR; BCHS**

At all times relevant to the issues presented within the instant Complaint, Mr. Nemetsky has been employed as the executive director of BCHS at the address of 105 Carlton Avenue, Brooklyn, NY 11205; telephone: 718-625-4545.

3

**DEFENDANT AURORA EVANS**

At all times relevant to the issues presented in the instant Complaint, Ms. Evans was employed by BCHS as program director for the BCHS Oak Hall program.

**DEFENDANT JOHN TURNER**

At all times relevant to the issues presented in the instant Complaint, Mr. Turner was employed by BCHS as a case manager for the BCHS Oak Hall program.

**PLAINTIFF ROBERT E. POLES:**

Since December of 1999, (excepting a period of approximately four months) at all times relevant to the issues presented in the instant Complaint, Plaintiff Poles has had the address of : Oak Hall Program (Room 232C), Brooklyn Gardens, 105 Carlton Avenue, Brooklyn, NY 11205 at that location of BCHS. Plaintiff Poles was formally diagnosed as Schizoaffective disorder with anxiety and depression, substance abuse disorder (alcohol), and complex PTSD previous to, at the time of, and subsequent to the 17 April 2018 document and the 4 May 2018 incident.

**Elected Officer of and Member of: BCHS Oak Hall Residents' Council/Tenants' Association (OHRC/TA)**

In or around 2005, Plaintiff Poles joined the BCHS OHRC/TA. Since, Plaintiff Poles has been elected as Secretary and too as President of the OHRC/TA numerous times. For a period of several years, Plaintiff

Poles was the prinicipal "whistleblower" of the OHRC/TA against both BCHS and its Oak Hall Program. In fact in 2007, BCHS attempted to evict Poles through an erroneous non-payment proceeding.   Upon information and belief at that time Plaintiff Poles had been informed that  BCHS through that eviction attempt was attempting to be rid of  Plaintiff Poles due to his OHRC/TA advocacy  to various government and advocacy offices.  The 2007 eviction attempt by BCHS failed.

Previous to, during and since 2007, Poles as an elected officer of the organization continued OHRC/TA attempts to and  through many government and (disability, tenants') advocacy offices such as:

- NYC District Council Leticia James
- NYS Assembly Joe Lentol
- NYS  State Senator Velmanette Montomery
- NYS Office of Mental Health,  Commissioner
- Disability Rights New York (advocacy agency for the disabled))
- Mobilization for Justice (advocacy agency for housing issues)
- Other governmental offices  and advocacy organizations

It is believed and averred that motivations had on the part of BCHS employee Aurora Evans' 4 May 2018 actions in part originated from Plaintiff Poles' ardent advocacy efforts as a member  since 2005 and as an elected officer of the Oak Hall Residents' Council/Tenants' Association from the year 2007 onward.

Also very relevant to the facts of the instant Complaint is that as an elected officer of the OHRC/TA Plaintiff Poles composed, filed and distributed a formal  complaint against Defendant Evans acting in her capacity as Oak Hall program director relating to her oppressing and preventing  the communication

5

efforts of the OHRC/TA through her withdrawing permission to the OHRC/TA to utilize the 'mailboxes' of Oak Hall to communicate to the entire population of the residents of Oak Hall.

**FACTUAL ALLEGATIONS:**

**THE 4 MAY 2018 INCIDENT:  Plaintiff Poles/ Defendant Evans interactions**

On the date of 4 May 2018, at approximately 6:00p.m. Plaintiff Poles entered the Oak Hall building's lobby carrying a bag.  Defendant Evans entered that lobby area from the adjoining Oak Hall lounge and inquired of Plaintiff Poles concerning the contents of the bag being carried by Plaintiff Poles.  Poles responded that the bag contained his clothes.  Defendant Evans stated that the bag and clothes would not be allowed into the Oak Hall building to include the room of Poles in that building.     (Poles was immediately impressed that the 4 May 2018 incident was simply yet another attempt to  annoy, intimidate and obstruct Plaintiff Poles as at that time it was common knowledge and discussions in the community (to include BCHS staff members) that Poles  was then currently proceeding in New York State Supreme Court against BCHS.  A hearing in that court had been previously scheduled for  later in the month of May 2018).

On the date of 4 May 2018, at approximately 6:00p.m. in the Oak Hall building's lobby,  upon inquiry from Plaintiff Poles Defendant Evans stated that her concern and reasoning  was that the bag being carried by Poles  contained bedbugs.

Poles (before transferring the bag with clothes from a commercial storage facility to the  Oak Hall building) had inspected individually each and every article of clothing  in the bag and too the bag itself for any vermin or insects and to exclude any non-clothing articles.    There were no vermin nor insects on any of the clothes nor any in the bag.    There were no vermin nor insects in the areas rented by Plaintiff Poles at the commercial storage facility. On the date of 4 May 2018, at approximately 6:00p.m. in the Oak Hall building's lobby, Plaintiff Poles informed Defendant Evans of those two facts. Nevertheless Defendant Evans continued to refuse to allow Plaintiff Poles to take the bag of clothes to his room.  While still in the Oak Hall lobby area Poles then offered Defendant Evans the opportunity to inspect the bag for insects or vermin.  She refused stating concern of the cleanliness  of her clothes   she was wearing at that time.  Poles then offered to empty the clothes from the bag in the lobby area so that the contents could be visually inspected by her (without her clothes coming into contact with Plaintiff Poles' bag or clothes).  Defendant Evans refused.

The illogic and illegality of the 4 May 2018 actions of Defendant Evans extends from the simple facts:

- There was absolutely no evidence of any bedbugs existing in the Plaintiff Poles' bag of clothes.
- Defendant Evans refused to inspect the bag of clothes for evidence of bedbugs.

- Defendant Evans refused to allow Plaintiff Poles to empty the bag to produce evidence of there being no bedbugs within the bag of clothes.

- Defendant Evans as an employee of landlord BCHS had no right or privilege to interfere with the property rights of Poles absent evidence of contraband or imminent dangerousness.  Even under those circumstances (contraband or imminent dangerousness) search and/or seizure of a tenant's property are matters not within the privileges or rights of the landlord (BCHS) nor the agents of the landlord.

On the date of 4 May 2018 Poles possessed the property (simply; a bag of clothes) in a safe and sane manner, exclusive of any evidence or valid issues of any insects or vermin,  imminent danger, or contraband.  Defendant Evans  still without any evidence of bedbugs being in Plaintiff Poles' bag, ordered Poles to remove the bag from the Oak Hall building.  Poles immediately removed the bag to the exterior of the Oak Hall building, placing the bag on the walkway adjacent to the Oak Hall building. Plaintiff Poles then immediately borrowed a telephone from another Oak Hall resident and telephoned 911 in order to gain the assistance of NYPD in clarifying the rights of Poles to Defendant Evans regarding possession of and use of his property, the bag of clothes.  Within a very short period of time after Plaintiff Poles exited the Oak Hall lobby and was on the walkway exterior to the Oak Hall building and after Poles telephoned NYPD, Poles visually observed that Ms. Evans appeared on the walkway exterior to the Oak Hall building and proceeded to make a telephone call.   Poles was able to aurally detect that Ms. Evans had also called 911 reporting the incident regarding the bag of clothes to NYPD.

**BCHS' Previous (to the 4 May 2018 Incident) Misuse of NYPD Against Plaintiff Poles and Other Residents of the BCHS Oak Hall Program by Defendant Evans and Other BCHS Staff  Members**

The Illegal and illogical involvement of NYPD done on the part of Ms. Evans done on the date of 4 May 2018 was preceded by similar perceived misdeeds on the part of Defendant Evans in interacting with Plaintiff Poles.  In a separate incident, Defendant Evans had also  caused NYPD to interfere with Plaintiff Poles in his performance of Residents Council/Tenants Association duties while Plaintiff Poles was assisting another Oak Hall resident who was ill.  The police did interfere through banning  Poles  from the resident's residential suite area upon incorrect information from Defendant Evans that Plaintiff Poles was not allowed in  that area of the BCHS Oak Hall building.  There was no formal  NYPD report made nor any arrest of Poles.

Multiple other BCHS  staff members (other than Defendant Evans)  over a period of several years had also established a persistent pattern of misusing NYPD against the  persons and interests of Plaintiff Poles:

- **1 February 2016:**  BCHS  Oak Hall case manager Thomas Bellinger attempted an unjustifiable and unsuccessful psychiatric commitment of Poles.  Poles was arrested and transported to a hospital.  The doctors and a psychiatrist at the hospital refused to process the commitment after interviewing, examining, and testing Plaintiff Poles.  Those competent medical _any_  treatment or confinement.

- **21 August 2012:**  BCHS property manager Dorian Muller escorted three NYPD personnel from the 88th Precinct to the residential suite of Poles.  The NYPD then proceeded to attempt to gain access to the room of Poles through a ruse involving a purported item claimed to be in the room of Poles.  Poles refused to admit the NYPD to his room.  The NYPD abandoned their illegal and baseless attempt.  Poles filed a formal complaint  with the NYPD CCRB.

9

It is believed and averred that evidence will obviate the facts of motivations had on the part of those BCHS staff  (Bellinger,  1 Feb 2016: Muller, 21 Aug 2012) in part originated from Plaintiff Poles' ardent advocacy efforts as a member of and as an elected officer of the Oak Hall   Council/Tenants' Association from 2007 onward.  It is further believed and averred that evidence will obviate the facts of persistent patterns of BCHS abusively causing  Plaintiff Poles interactions with NYPD  without  just,  good, (or for that matter, _any_) cause.   It is too highly relevant to the instant Complaint that Poles had observed and/or been informed of multiple other Oak Hall residents being subjected to civil arrest and psychiatric commitmnent by NYPD through BCHS members.  It is respectfully maintained that such abuse on the part of BCHS extends from incompetence and malice on the part of BCHS further perpetuated through prejudice and discrimination against persons with mental disabilities on the part of NYPD.  BCHS Oak Hall staff has knowledge through experiences of such NYPD prejudice and malice, utilizing such knowledge and experience to knowingly, willingly, intentionally, and recklessly  wrongfully afflict BCHS Oak Hall residents with arrest and psychiatric commitment.

**4 MAY 2018 INCIDENT: Defendant Evans/ Defendant NYPD Officers  Interactions**

While still on the walkway exterior to the Oak Hall building at the approximate time of 6:12p.m still on the day of Friday, date of 4 May 2018; Poles overheard  verbal communications to Defendant Officers One and Two.    The verbal communications from Defendant Evans to Officers One and Two.  Such communications from Defendant Evans to consisted of the facts:

- Plaintiff Poles had caused Defendant Evans "trouble"

- Poles   had previously been psychiatrically committed by BCHS

- Plaintiff

Poles had a psychiatric diagnosis to include substance abuse (alcohol)

- Defendant

Evans was processing a warrant in Mental Health Court against Poles

Ms. Evans at that point sent a BCHS employee to obtain a copy of the warrant.  Upon receipt of the warrant from that BCHS employee, Defendant Evans gave the warrant to Defendant NYPD Officer Two. That officer briefly read the warrant and immediately returned the warrant to Defendant Evans.

**4 MAY 2018 INCIDENT: Plaintiff Poles/Defendant NYPD Office One interactions**

While still on the walkway exterior to the Oak Hall building at the approximate time of 6:15 p.m. still on the day of Friday, date of 4 May 2018; Poles was approached by NYPD Officer One.  NYPD Officer One inquired if Poles had telephoned 911 for NYPD assistance.  Plaintiff Poles responded that Plaintiff Poles had in fact made the call. Poles explained his motivations for making the 911 call:

- Plaintiff

Poles' property and tenant's rights were being unjustly, illogically and illegally interfered with by Defendant Evans (in re: Poles' bag of clothes).

- Defendant

Evans and other BCHS staff had afflicted Poles with behaviors and intentions (as retaliation) due to Poles' residents' council/tenants' association advocacy efforts.

- Defendant

Evans had been motivated to and actually actualized intimidation, obstruction, annoyance, and oppression  against Poles prior to the 4 May 2018 incident.  Poles had previously filed a formal complaint (distributed throughout the BCHS Oak Hall community and various offices)  against

11

Defendant Evans in re:  her actualized intimidation, obstruction, annoyance, and oppression through the restriction of communications to the OHRC/TA through BCHS Oak Hall mailboxes in the lobby area of Oak  Hall.

- It               is believed and averred that Defendant Evans' 4 May 2018 prohibitions violating the property and tenant's rights of Plaintiff Poles were actually motivated and enacted to further intimidate, obstruct, annoy, and oppress Poles and to affect (through character assassination) an anticipated lawsuit within NYS Supreme Court to be prosecuted by Plaintiff Poles against BCHS.  Knowledge of that anticipated lawsuit was widely  known throughout the BCHS Oak Hall community (OHRC/TA members and staff).

**4 MAY 2018 INCIDENT:  The Arrest of Plaintiff Poles by NYPD Defendants Sgt. Bratwaithe, Officers One, Two, Three**

While still on the walkway exterior to the Oak Hall building, Defendants NYPD Officers One and Two conferenced with Defendant NYPD Sgt. Bratwaithe and Defendant NYPD Officer Three.  Poles was then instructed by one of those NYPD personnel to approach the NYPD personnel.  When Poles walked over to the Defendant NYPD personnel, Plaintiff Poles was informed that he was arrested for the purpose of psychiatric commitment.  While being arrested and handcuffed, Poles protested to Defendant NYPD Sgt. Brawaithe and to Defendants NYPD Officers One, Two, and Three:

- Plaintiff Poles' behaviors at the 4 May 2018 incident did not obviate **any** conduct indicating that Plaintiff Poles was mentally ill nor was Plaintiff Poles conducting himself in a manner in which  physical

harm was likely to result in serious harm  to himself or others (demonstrating that Plaintiff Poles was dangerous to himself [suicidal] or manifested by homicidal or other violent (assaultive) behavior by which others were placed in reasonable fear of physical harm).

(With Plaintiff Poles actually citing the NYS Mental Health Law provision by title and numerical designations) absent **any** elements of aberrant behaviors, disorderly conduct,  dangerous intent of or actual manifestations of violent behaviors (assaultive, homicidal, or suicidal)  NYPD did not have the requisite 'probable cause' to arrest Plaintiff Poles for the purpose of psychiatric commitment.

In re: NYS MHL definition of  "likelihood of serious harm" on the dates of:

17 April 2018:  (the date of BCHS' application to the Mental Health Court for a warrant against Plaintiff Poles) the Mental Health Court nor BCHS personnel:

and

4 May 2018:  BCHS personnel nor NYPD personnel:

had any evidence of Poles' "substantial risk of physical harm"  to himself  through:

- threats of or attempts at suicide or serious bodily harm; or other conduct demonstrating Poles was dangerous to himself through:

- refusal or inability to meet essential needs  for food, shelter, clothing or health care; or

- history of dangerous conduct  associated with noncompliance with mental health treatment programs

(paraphrased from: omh.ny.gov: Mental Hygiene Law – Admissions Process Emergency (9.39) Standard

had any evidence of "substantial  risk of harm to other persons"

-                                                                                    homicidal

    or other violent behavior

(paraphrased from: omh.ny.gov:  Mental Hygiene Law

## CAUSES OF ACTION:

## 17 APRIL 2018 FACTORS

## FIRST CAUSE OF ACTION:  CRIMINAL SOLICITATION: DEFENDANT AURORA EVANS

On or about the date of 17 April 2018, Defendant Aurora Evans did (with intent that Defendant John Turner  commit a crime) solicit, request, command, importune or otherwise attempt to  cause Defendant John Turner  to engage in such conduct.  Defendant John Turner did engage in such conduct. Plaintiff Poles suffered injuries due to the criminal solicitation of Defendant Evans through the  criminal conduct of Defendant John Turner.

## SECOND CAUSE OF ACTION: CRIMINAL FACILITATION:  DEFENDANT AURORA EVENS

  On or about the date of 17 April 2018, Defendant Aurora Evans did (with intent that Defendant John Turner  commit a crime)  believing it is probable that she was rendering aid to Defendant John Turner Who intended to commit a crime; provided Defendant John Turner with  means and opportunity for the commission thereof and which in fact aided Defendant John Turner in doing so.

14

**THIRD CAUSE OF ACTION: CONSPIRACY IN THE FIFTH DEGREE:  DEFENDANT AURORA EVANS,**

**DEFENDANT JOHN TURNER**

Defendants Evans and Turner with the intent that conduct constituting a felony be performed did  agree

to and did cause and engage in the performance of such conduct.  Plaintiff Poles suffered injuries due to

such conspiracy.


**CAUSES OF ACTION:**

**THE 4 MAY 2018 FACTORS:**

**FOURTH CAUSE OF ACTION:  CRIMINAL SOLICITATION: BCHS DEFENDANT AURORA EVANS**

On the date of 4 May 2018 Defendant Aurora Evans solicit, request, importune and otherwise did

attempt to cause NYPD Defendants Bratwaithe, Officer One, Officer Two and Officer Three to engage in

the criminal conduct of false arrest.  Plaintiff Poles was injured through such false arrest.


**FIFTH CAUSE OF ACTION:  CRIMINAL FACILITATION: BCHS DEFENDANT AURORA EVANS**

On the date of 4 May 2018 Defendant Evans while believing that she was rendering aid to commit the

crimes of false arrest and false imprisonment done through NYPD Defendants Bratwaithe, Officer One,

Officer Two and Officer Three , did engage in conduct that provided means and opportunity for the

commission thereof and which in fact aided the commission of those crimes.  Such conduct was that of

Defendant Evans' production of and transferring to NYPD personnel a warrant of the mental health

court in re: Plaintiff Robert E. Poles.  Such warrant was obtained through criminal solicitation of

Defendant John Turner done on the part of Defendant Aurora Evans.  Such warrant was in fact based on

15

false information provided to the mental health court through a Petition signed by Defendant John

Turner, and as having been received by that court on the date of 17 April 2018. The use of such false

information in said 17 April 2018 Petition which was criminally solicited of Defendant John Turner  by

Defendant Evans, who also on the date of 4 May 2018 criminally facilitated the false arrest and false

imprisonment of Plaintiff Poles through the use of the 17 April 2018 warrant of the mental health court.

Plaintiff Poles was injured through criminal facilitation by Defendant Evans of the fraudulent 17 April

2018 Petition signed by Defendant John Turner utilized to produce the grossly misinterpreted 17 April

2018 mental health warrant which was further utilized to  facilitate  false arrest and false imprisonment

of Plaintiff Poles done on the part of the NYPD Defendants on the date of 4 May 2018.


**SIXTH  CAUSE OF ACTION: CONSPIRACY:  BCHS DEFENDANT AURORA EVANS, NYPD DEFENDANTS**

**BRATWAITHE, OFFICER ONE, OFFICER TWO, OFFICER THREE**

Defendants Evans, Bratwaithe, Officer One, Officer Two and Officer Three conspired to unlawfully arrest,

restrain, and imprison Plaintiff Poles  with the NYPD Defendants substantially further interfering with

the liberty of Plaintiff Poles by causing Poles to be  moved  from one place to another, causing Plaintiff

Poles to be confined in the place to which Plaintiff Poles was moved  without the consent of Plaintiff

Poles and done  by NYPD Defendants having knowledge that the arrest, restraint and imprisonment was

unlawful. Plaintiff Poles was subjected to circumstances which exposed him to serious physical injury

while  subjected to the unlawful imprisonment.

**SEVENTH CAUSE OF ACTION:  VIOLATION OF 42 U.S.C. 1985(3) DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES (BCHS and NYPD Defendants)**

BCHS Defendant: Aurora Evans and  NYPD Defendants: Bratwaithe, Officer One, Officer Two, Officer Three did each and all conspire  to deprive Plaintiff Poles the equal protection of the laws and too equal privileges and immunities under the laws.  Plaintiff Poles was subjected to false  arrest and to false imprisonment through a purported psychiatric commitment process.  Defendants: Aurora Evans and John Turner and  NYPD Defendants: Bratwaithe, Office One, Officer Two, Officer Three did conspire to cause and did actually effect such false arrest and false imprisonment without the obligatory dangerousness criteria thereby negating any probable cause, thereby denying Plaintiff Poles rights and privileges through the denial of due process.

**EIGHTH CAUSE OF ACTION:  VIOLATION OF 42 U.S.C. 1986 ACTION FOR NEGLECT TO PREVENT  (BCHS and NYPD Defendants)**

Defendants: Aurora Evans and  NYPD Defendants: Bratwaithe, Office One, Officer Two, Officer Three having knowledge of the conspired wrongs to be done (false arrest and false imprisonment)  and to having the power to prevent or aid in preventing the commission of the same, neglected and refused to do so.  Such wrongful  false arrest and false imprisonment did occur.  Plaintiff Poles suffered injuries from the false arrest and false imprisonment

**NINTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. 1983.   CIVIL ACTION FOR DEPRIVATION OF RIGHTS**

NYPD Defendants Bratwaithe, Officer One, Officer Two, and Officer Three did while under color of statute,  regulation, custom, and  usage cause the deprivation of Plaintiff Poles'rights, privileges and immunities secured by the Constitution and laws through  conspiracy to effect the actualizing of wrongful arrest of Plaintiff Poles and too causing the false imprisonment of Plaintiff Poles while negating due process standards and procedures through their failure and refusal to adhere to the obligatory dangerousness criteria demanded by law.   The Plaintiff was injured through such arrest and imprisonment.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK


ROBERT E. POLES, PLAINTIFF

     V.

DEFENDANTS :

NEW YORK CITY

NEW YORK CITY POLICE DEPARTMENT (NYPD)

NYPD SGT. BRATWAITHE

NYPD OFFICER ONE

NYPD OFFICER TWO

NYPD OFFICER THREE

BROOKLYN COMMUNITY HOUSING AND SERVICES (BCHS)

JEFF NEMETSKY (BCHS)

AURORA EVANS (BCHS)

JOHN TURNER (BCHS)


4 MAY 2021

AFFIDAVIT

THIS IS TO ATTEST AND AFFIRM THAT ON THIS DATE OF 4 MAY 2021 I, ROBERT E. POLES DID
PERSONALLY FILE THE COMPLAINT OF THE INSTANT ACTION IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK.


ROBERT E. POLES

POB 21874

BRKLN., NY 11202

347-479-2970

STATE OF NEW YORK

COUNTY OF KINGS

SIGNED BEFORE ME ON 5/4/2021

Robert Poles

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK


ROBERTCHSSSSS E. POLES, PLAINTIFF

      V.

DEFENDANTS :

NEW YORK CITY

NEW YORK CIYPOLICE DEPARTMENT (NYPD)

NYPD SGT. BRATFWAITHE

NYPD OFFICER ONE

NYPD OFFICER TWO

NYPD OFFICER THREE

BROOKLYN COMMUNITY HOUSING AND SERVICES (BCHS)

JEFF NEMETSKY (BCHS)

AURORA EVANS (BCHS)

JOHN TURNER (BCHS)


## VERIFICATION

THIS IS TO VERIFY, ATTEST AND AFFIRM UNDER PENALTY

OF PERJURY THAT I, ROBERT E. POLES, PLAINTIFF WITHIN THE INSTANT ACTION AT LAW AM THE
AUTHOR OF THE COMPLAINT OF THE INSTANT ACTION FILED ITH THIS COURT ON THE DATE OF 4 MAY
2021.

THIS IS TO FURTHER ATTEST AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION
CONTAINED WITHIN SUCH 4 MAY 2021 COMPLAINT  WITHIN THE INSTANT ACTION IS TRUE AND
CORRECT.

4 MAY 2021

ROBERT E. POLES

POB 21874

Brooklyn, NY 11202

STATE OF NEW YORK

COUNTY OF KINGS

SIGNED BEFORE ME ON 5/4/2021

Robert Poles

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2022

CLERK:
USDC ED NY

